[No. 43144. En Banc. December 19, 1974.]

ERNEST H. BYERS et al., *Respondents*, v. THE BOARD OF CLALLAM COUNTY COMMISSIONERS et al., *Appellants*.

*S. Brooke Taylor, Prosecuting Attorney*, and *Craig A. Ritchie, Deputy*, for appellants.

*Niichel & Cossel, P.S.*, and *Richard J. Niichel*, for respondents.

*Smith Troy, Prosecuting Attorney*, by *Thomas J. Taylor, Jr., Deputy*, and *John C. Merkel, Prosecuting Attorney*, amici curiae.

STAFFORD, J.—On March 2, 1972, the Board of County Commissioners for Clallam County (hereinafter the Board) passed an interim zoning ordinance for a portion of that county. Respondents, residents and taxpayers of the county, challenged the ordinance by a writ of certiorari. A subsequent hearing before the Superior Court resulted in the ordinance being held invalid. The Board and the Planning Commission (hereinafter the Commission) appeal.

Initially, appellants urge that respondents lack standing to attack the ordinance. We do not agree. In *Pierce v. King County*, 62 Wn.2d 324, 382 P.2d 628 (1963), we recognized certiorari as an appropriate remedy to test the reasonableness and validity of a zoning ordinance. We also have held that residents of an area encompassed by a

zoning plan have a sufficient "protected interest" to grant them standing. *Anderson v. Island County,* 81 Wn.2d 312, 501 P.2d 594 (1972). Nevertheless, appellants argue, the application for the writ failed to comply with RCW 7.16.050 in that it was not accompanied by an affidavit from a beneficially interested party. That asserted defect was corrected, however, at the hearing on appellants' motion to quash the writ. Respondents supplied the missing affidavits and the Superior Court ruled that they cured any previous deficiency. It held further, that if leave to amend were necessary he would grant it "in the interest of fundamental fairness." We have reviewed the record, including the affidavits filed by respondents, and agree the trial court was correct in finding that respondents are "citizens, taxpayers, and property owners in Clallam County, whose property might be adversely affected by the zoning ordinance." This finding, in turn, supports the conclusion of law that respondents have standing. *Anderson v. Island County, supra.*

Appellants also argue that respondents have been guilty of laches and should be denied relief. Although some 20 months elapsed between the original application for a writ of certiorari and the date of hearing, the record reveals that most delays were not unreasonable. There were at least four major causes: (1) difficulty in obtaining the services of visiting judges; (2) an agreement with the prosecutor that the action would be held in abeyance pending the outcome of county elections; (3) difficulty encountered by the county in supplying requested records; and (4) failure of the county promptly to answer propounded interrogatories. Accordingly, there is substantial evidence to support the finding that respondents were not deleterious in their prosecution of the litigation and that appellants were not substantially damaged thereby.

■ Appellants assign error to the trial court's finding that the records of the proceedings before the Commission and the Board were inadequate. We agree with the finding. The writ ordered appellants "to fully certify and return

⁘ . . . a true and complete transcript of the *entire proceedings* in this matter . . . *including the testimony given at hearings* held before you to hold that the same may be reviewed by this court . . ." (Italics ours.) The Commission presented minutes of its hearings. The Board presented minute entries together with tapes of *some* of its public hearings. Appellants admit, however, that some tape recordings of its public hearings are missing. We have reviewed the minutes of the Commission and the Board's minute entries and find them so brief as to be wholly uninformative. For example, the notation that a request was made for a change in the ordinance and that a change was subsequently made is of no value to a reviewing court. We must know, at a minimum, the type of change requested and the reasons given therefor. When a court is confronted with incomplete records after ordering "a true and complete transcript of the entire proceedings" it is proper to vacate the action of the Commission and the Board. *Loveless v. Yantis*, 82 Wn.2d 754, 513 P.2d 1023 (1973).

In findings of fact 5 and 6 the trial court dealt with specific inadequacies found in the records of both the Commission and the Board. First, the trial court found the Commission had "incorporated no findings of fact or reasons for its action in its motion for approval of the ordinance." Next, it found the Board "made substantial changes in the ordinance" but had failed to make "findings of fact . . . or an analysis of the findings [which they] considered to be controlling." Based thereon, the trial court concluded, correctly, that the Commission and the Board failed to satisfy the requirements of RCW 36.70.600[1] and RCW 36.70.630[2] respectively.

---

[1]"36.70.600—Recommendation to board—Required vote. The recommendation to the board of any official control or amendments thereto by the planning agency shall be by the affirmative vote of not less than a majority of the total members of the commission. Such approval shall be by a recorded motion which shall incorporate the findings of fact of the commission and the reasons for its action and the motion shall refer expressly to the maps, descriptive and other matters intended by the

Appellants argue in the alternative, however, that the statutes do not apply to "interim zoning" measures, or, if they do, there was substantial compliance. We do not agree with either position.

In *Smith v. Skagit County*, 75 Wn.2d 715, 453 P.2d 832 (1969), we held that RCW 36.70.380 (adoption of or amendment to comprehensive plans) and RCW 36.70.580 (recommendation of or amendment to an official control) both applied to interim zoning ordinances. As in *Smith*, the term "interim" is somewhat a misnomer when applied to the Clallam County resolution. The ordinance here involved is actually a detailed zoning code which, according to its title, establishes "the boundaries of areas to be known as zones to which the use classifications are applied, and within which zones the heights of buildings, areas of lots, building sites and yard spaces are regulated . . ." It includes 30 pages of detailed zoning regulations. Any so-called "interim zoning" ordinance of such detail, scheduled to be effective for 4 years, must be adopted pursuant to procedural requirements of the Planning Enabling Act of the State of Washington, RCW 36.70. This is particularly true where, as here, there has been no determination that an "emergency" exists which requires "interim zoning." "Interim zoning," under RCW 36.70.790, is meant to be only a temporary protective measure. It is not intended to be

commission to constitute the plan, or amendment, addition or extension thereto. The indication of approval by the commission shall be recorded on the map and descriptive matter by the signatures of the chairman and the secretary of the commission and of such others as the commission in its rules may designate."

[2] "36.70.630—Board to conduct hearing, adopt findings prior to incorporating changes in recommended control. If after considering the matter at a public meeting as provided in RCW 36.70.620 the board deems a change in the recommendations of the planning agency to be necessary, the change shall not be incorporated in the recommended control until the board shall conduct its own public hearing, giving notice thereof as provided in RCW 36.70.590, and it shall adopt its own findings of fact and statement setting forth the factors considered at the hearing and its own analysis of findings considered by it to be controlling."

used as a means of adopting a virtually complete zoning ordinance for a relatively extended period of time.

Insofar as appellants' contention that the Commission substantially complied with the requirements of RCW 36.70.600, it is only necessary to comment that the Commission failed to follow a specific statutory mandate. It did not incorporate in its motion of approval "the findings of fact of the commission and the reasons for its actions." The purpose of such a requirement, obviously, is to assist the Board in its consideration of the ordinance. A motion for approval of the ordinance which neither sets forth findings of fact nor reasons for the Commission's action, cannot be said to substantially comply with the statute.

No one argues that the Board's changes in the Commission's recommendations were not in fact substantial. The Board is authorized to make such changes in the Commission's recommendations as it deems necessary. But changes may not be made until the Board first "adopt[s] its own findings of fact and statement setting forth the factors considered . . . and its own analysis of findings considered by it to be controlling." RCW 36.70.630. The Board did not comply with this requirement. The argument of substantial compliance is without merit.

The trial court held that the adoption of an "interim zoning" ordinance required the filing of an environmental impact statement and found that none had been prepared. RCW 43.21C requires that such an impact statement be included (1) "in every recommendation or report on proposals for legislation and other major actions," (2) which "significantly [affects] the quality of the environment . . ." Appellants do not contend the zoning ordinance was not a "major" action; rather, they submit that the word "action," as used in RCW 43.21C, is synonymous with the word "project." In the alternative, they argue that only those governmental "actions" dealing with approval of "projects" are within the purview of RCW 43.21C. We do not agree. The wording of SEPA is clear. A "major action"

or *"proposal for legislation"* which significantly affects the environment requires the filing of an impact statement.

With but few possible exceptions, not important here, the process of initially adopting a zoning code (as differentiated from amending a zoning code or reclassifying previously zoned land) is legislative in nature. *Fleming v. Tacoma*, 81 Wn.2d 292, 298-99, 502 P.2d 327 (1972). Additionally, adoption of a zoning ordinance is a "major action" in that it is discretionary and nonduplicative. *Loveless v. Yantis*, 82 Wn.2d 754, 513 P.2d 1023 (1973). Thus, the only question remaining is whether the ordinance will significantly affect the environment.

■ Appellants do not contend that adoption of the instant ordinance will be without significant effect on the quality of the county's environment. They submit, however, that preparation of an environmental impact statement will be a difficult, if not impossible, task. While actual impossibility might conceivably be a justifiable reason for failure to draft such a statement, we note with interest that the Prosecuting Attorney of Kitsap County states, in his amicus brief, that Kitsap County filed such an environmental impact statement at the time Bainbridge Island was rezoned in its entirety. The requirements of SEPA may not be thwarted merely because compliance therewith is difficult. "It is an attempt by the people to shape their future environment by deliberation, not default." *Stempel v. Department of Water Resources*, 82 Wn.2d 109, 118, 508 P.2d 166 (1973).

Appellants assign error to the trial court's conclusion that the meetings of the Commission violated the "appearance of fairness doctrine." The conclusion is based on findings that two members of the Commission owned property within a "reasonable proximity to the zoned area." The record does not support the conclusion.

■ Ownership of property by a member of a planning commission may, under proper circumstances, invoke the application of the "appearance of fairness doctrine." *Buell*

*v. Bremerton*, 80 Wn.2d 518, 495 P.2d 1358 (1972). However, *Buell* is clearly distinguishable. The record indicates that the property owned by the members in question is located between 10 and 15 miles from the zoned area whereas in *Buell* a commission member owned property within a few hundred feet of the area to be rezoned. There also were indications in *Buell* that the member's property was benefited by the rezoning. In the instant case, however, there is no indication that the members' property was directly, or even indirectly, benefited by the zoning.

We are aware that *Buell* dealt with the *rezone* of a small area whereas this case is concerned with the *initial interim zoning* of a substantial segment of the county. Thus far, all cases to which we have applied the "appearance of fairness doctrine" have involved the rezoning of land or the amendment of existing zoning codes. As we pointed out in *Fleming v. Tacoma, supra*, adopting a zoning ordinance is a policy-making function, whereas amending an ordinance, or reclassifying land thereunder, involves adjudication between the rights of the proponents and opponents of the change. Nevertheless, we do not indicate, by the instant case, that the doctrine is necessarily inapplicable in all cases concerned with an initial adoption of zoning ordinances. Rather, we hold only that the issue is not before us because no violation of the doctrine has been demonstrated. To this extent the conclusion of the trial court is not supportable.

With the minor exception just noted, the order of the Superior Court declaring Clallam County Interim Zoning Ordinance 41 invalid is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.