[No. 7947–6–I.   Division One.   April 13, 1981.]

ROY JABLINSKE, ET AL, *Appellants,* v. SNOHOMISH COUNTY, ET AL, *Respondents.*

*Richard B. Johnson,* for appellants.

*Russ Juckett, Prosecuting Attorney,* and *Robert Terwilliger, Deputy,* for respondents.

JAMES, C.J.—Petitioners, Roy Jablinske, et al (Jablinske), appeal from the trial judge's order upholding an interim zoning ordinance enacted by the Snohomish County Board of Commissioners (Board) on November 14, 1978. We affirm.

Jablinske owns a parcel of real estate located near Paine Field, a public airport facility managed by Snohomish County. Prior to the enactment of the interim zoning ordinance, Jablinske's property was zoned to permit construction of multiple–family residences. The interim ordinance, however, changed the zoning to a classification precluding residential development. After the passage of the interim ordinance, Jablinske applied for a building permit to construct multifamily residential units on his property. The building department denied his application because apartments were not a lawful use under the reclassified zoning.

In 1975, Snohomish County determined that its existing comprehensive plan for the development of Paine Field was no longer adequate. Accordingly, the County entered into a contract with a consulting firm to conduct a master planning study of Paine Field. The Board and the County Planning Commission (Commission) worked with the consulting firm on the planning. Numerous public hearings were held to obtain the views of interested citizens. Because

several of the alternatives under consideration involved expansion of the airport facilities, the master planning study identified those areas that would be impacted by increased noise from the airport's operation. Jablinske's property is located in an area that would be potentially impacted by the increased noise.

As the planning process continued, owners of property that would be impacted by the expansion of airport facilities began residential development. In the fall of 1978, Snohomish County authorities determined that the County's planning activities and the options relating to the development of the airport facility would be foreclosed by extensive residential development in the area south of Paine Field. The Commission, therefore, recommended to the Board that an interim ordinance be adopted to preclude residential development in the areas potentially impacted by airport expansion. The Board concurred in the Commission's recommendation and enacted the ordinance challenged in this case. The ordinance as passed was effective for only 12 months. No public notice was given and no public hearings were held prior to adoption of the ordinance.

Jablinske's primary contention on appeal is that the County's failure to comply with the notice and hearing requirements of the planning enabling act,[1] RCW 36.70, invalidates the interim ordinance. We do not agree.

Courts throughout the United States have struggled with issues arising from emergency zoning measures designed to preserve the status quo pending adoption of or amendments to comprehensive zoning plans. *See generally* 1 R. Anderson, *Zoning* § 5.21 (2d ed. 1976). Dispensing with notice and public hearing requirements in such situa-

---

[1] RCW 36.70.380–.390 require notice and at least one public hearing before the county planning commission prior to the commission's approval of a comprehensive plan or an amendment to an existing plan. *See also* RCW 36.70.440. RCW 36.70.580–.590 contain similar notice and hearing requirements relating to adoption of official controls. *See also* RCW 36.70.620. RCW 36.70.320–.350 define comprehensive plans and RCW 36.70.560 defines official controls.

tions is predicated on preserving the government's ability to effectuate long–term planning decisions. The California Supreme Court in an early case stated:

> It is a matter of common knowledge that a zoning plan of the extent contemplated in the instant case cannot be made in a day. Therefore, we may take judicial notice of the fact that it will take much time to work out the details of such a plan and that obviously it would be destructive of the plan if, during the period of its incubation, parties seeking to evade the operation thereof should be permitted to enter upon a course of construction which might progress so far as to defeat in whole or in part the ultimate execution of the plan.

*Miller v. Board of Pub. Works,* 195 Cal. 477, 496, 234 P. 381, 38 A.L.R. 1479 (1925), *dismissed,* 273 U.S. 781, 71 L. Ed. 889, 47 S. Ct. 460 (1927). The act also recognizes the problem and grants counties the authority to adopt emergency measures. RCW 36.70.790. We believe the better–reasoned view recognizes that if notice and hearing requirements were applied to interim zoning decisions, developers could frustrate effective long–term planning by obtaining vested rights to develop their property.[2] This is especially true in Washington where an owner's right to use his property under existing zoning vests upon the application for a building permit. *See State ex rel. Ogden v. Bellevue,* 45 Wn.2d 492, 275 P.2d 899 (1954). We, therefore, hold that the act's notice and hearing requirements do not apply to emergency ordinances enacted pursuant to RCW 36.70.790.

RCW 36.70.790, however, provides only a limited exception to the act's notice and hearing requirements. Prior Washington cases have invalidated zoning actions, notwithstanding the fact that they were labeled "interim zoning ordinances."

[T]he term "interim" is somewhat a misnomer when

[2]Analysis of the planning enabling act also supports this view. RCW 36.70.790 authorizes emergency action by county officials. The planning enabling act, however, does not specifically require notice and public hearing prior to the enactment of such emergency measures. Other county zoning actions, however, must be preceded by notice and public hearings. See footnote 1.

applied to the Clallam County resolution. The ordinance here involved is actually a detailed zoning code which, according to its title, establishes "the boundaries of areas to be known as zones to which the use classifications are applied, and within which zones the heights of buildings, areas of lots, building sites and yard spaces are regulated . . ." It includes 30 pages of detailed zoning regulations. Any so–called "interim zoning" ordinance of such detail, scheduled to be effective for *4 years,* must be adopted pursuant to procedural requirements of the Planning Enabling Act of the State of Washington, RCW 36.70. This is particularly true where, as here, there has been no determination that an "emergency" exists which requires "interim zoning." "Interim zoning," under RCW 36.70-.790, is meant to be only a temporary protective measure. It is not intended to be used as a means of adopting a virtually complete zoning ordinance for a relatively extended period of time.

*Byers v. Board of Clallam County Comm'rs,* 84 Wn.2d 796, 800–01, 529 P.2d 823 (1974). *See also Smith v. Skagit County,* 75 Wn.2d 715, 453 P.2d 832 (1969). *Cf. Mayer Built Homes, Inc. v. Steilacoom,* 17 Wn. App. 558, 564 P.2d 1170 (1977) (rezone enacted pursuant to regular notice and hearing requirements was not an illegal interim zoning action). Unlike the situations in *Smith* and *Byers,* we believe the ordinance in this case was, in fact, a true interim measure. Snohomish County had embarked on a reexamination of the Paine Field comprehensive plan with a view toward amending the original plan. Numerous public hearings had been held and more were planned. Rapid residential development in the area south of Paine Field threatened to preclude several options being considered. Both the Commission and the Board concluded that an emergency situation existed. The ordinance, as finally adopted, was effective for a period of only 12 months.[3] We, therefore, conclude that Snohomish County was not

---

[3]On the record before this court, there is no indication that the County extended the ordinance beyond its original effective dates without notice and hearing. Such action might serve to invalidate purportedly interim measures. *See Schoeller v. Board of County Comm'rs,* 568 P.2d 869 (Wyo. 1977).

required to provide notice and public hearing prior to enacting its interim ordinance.

Jablinske next contends that the County's failure to prepare and file an environmental impact statement pursuant to the provisions of the State Environmental Policy Act of 1971 (SEPA), RCW 43.21C, invalidates the ordinance.

Assuming the County is required to comply with SEPA prior to amending its zoning code, *see Byers v. Board of Clallam County Comm'rs, supra,* the County's actions did not violate SEPA. The guidelines for implementation of SEPA exempt the County's actions from compliance with the environmental impact statement process. WAC 197–10–180 provides an exception for emergency actions. Because the interim ordinance was passed in response to an emergency situation, the County did not violate SEPA's mandate.

We have considered Jablinske's remaining contentions and find them to be without merit.

Affirmed.

CALLOW and DURHAM, JJ., concur.