922 P.2d 83 (1996)
130 Wash.2d 189
Dale G. GRIFFITH and Sandra Griffith, husband and wife; H. Graham Gaiser and Carol L. Gaiser, husband and wife; William B. Chatalas and Susan A. Chatalas, husband and wife; Esther M. Holmes, a single woman; and James G. Scott and Barbara H. Scott, husband and wife, Petitioners,
v.
CITY OF BELLEVUE, a Municipal corporation; and Greacen Construction, Inc., a Washington corporation, Respondents.
No. 63230-8.
Supreme Court of Washington, En Banc.
Argued March 7, 1996.
Decided September 12, 1996.
*84 Law Office of J. Richard Aramburu, J. R. Aramburu, Seattle, for petitioners.
Lori M. Riordan, Asst. City Atty.; Perkins Coie, by Suzanne M. Larsen and Robert G. Lutz, Bellevue, for respondents.
JOHNSON, Justice.
The question presented in this case is whether a petition for a statutory writ of certiorari should be dismissed for lack of jurisdiction when the petition and affidavit are timely filed and served but the affidavit is not signed by the beneficially interested party as required by RCW 7.16.050. The Superior Court dismissed the petition on the basis the missing signature on the verification deprived the court of jurisdiction. The Court of Appeals affirmed. We hold the Superior Court acquired jurisdiction when the petition and defective verification were timely filed, and the petition should not have been dismissed because Griffith offered to sign the verification promptly after the omission was called to his attention in accordance with CR 11. We reverse.
This case arises from the City of Bellevue's approval of Greacen Construction, Inc.'s (Greacen) application to rezone and plat a 7.36-acre parcel of land. Dale Griffith and others who own property located near Greacen's parcel timely filed a petition for a writ of certiorari in King County Superior Court, challenging the Bellevue City Council's action.[1] The petition is 10 pages. The last page of the petition contains a verification as required by RCW 7.16.050.[2] Although Griffith timely filed and served the petition, he left the signature line on the verification filed with the Superior Court and served on Greacen blank. The signed verification was inadvertently served on the City of Bellevue rather than filed with the court.[3] Notwithstanding the missing signature on the verification filed with the Superior Court and served on Greacen, the parties agreed to the issuance of the writ ordering the City of Bellevue to produce a full and complete record relating to Greacen's land use application.
Almost one month after the issuance of the writ and more than 90 days after the writ petition was filed, Greacen discovered the verification filed with the court was not signed and moved to dismiss the writ for lack of subject matter jurisdiction. In response, Griffith moved to amend the petition and enlarge the time in which Griffith had to file a signed verification. The Superior Court granted Greacen's motion to dismiss the writ. Griffith appealed. The Court of Appeals affirmed, explaining:
Once the statute of limitations and 90-day cure period ran, the superior court lost jurisdiction over the matter.
Our holding here establishes a bright line rule which, in our view, is both desirable and necessary to further Washington's longstanding policy of finality in land use decisions.
Griffith v. City of Bellevue, 77 Wash.App. 757, 761-62, 893 P.2d 689, 691-92 (1995).
Although RCW 7.16.050 provides "[t]he [writ] application must be made on affidavit by the party beneficially interested," we hold a signed verification is not a jurisdictional requirement. RCW 7.16.340 directs us to apply the civil rules in writ proceedings. *85 Since the Legislature enacted RCW 7.16.050 in 1895, we have adopted civil rules that place substance over form and aim to resolve cases on the merits.
"[T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized ... as `the sporting theory of justice.'" Thus, whenever possible, the rules of civil procedure should be applied in such a way that substance will prevail over form.
(Citations omitted.) First Fed. Sav. & Loan Ass'n v. Ekanger, 93 Wash.2d 777, 781, 613 P.2d 129 (1980) (quoting Curtis Lumber Co. v. Sortor, 83 Wash.2d 764, 767, 522 P.2d 822 (1974)). Greacen's and the City's argument that a signed verification is a jurisdictional requirement is totally inconsistent with the purpose of the civil rules as well as the appellate rules.[4]
Greacen's and the City's position is also at odds with In re Messmer, 52 Wash.2d 510, 326 P.2d 1004 (1958), where we held that a defective affidavit does not deprive the court of jurisdiction as long as the application and accompanying affidavit are timely. In Messmer, the affidavit was signed by the petitioner's attorney rather than the beneficially interested party. We held the petition should not be dismissed for lack of jurisdiction on the basis the appellate rules admonish the court to determine all cases upon the merits and to disregard technicalities. In re Messmer, 52 Wash.2d at 512, 326 P.2d 1004. Under Messmer, the omission of a verification signed by the beneficially interested party does not deprive the court of jurisdiction as long as the petition and affidavit are timely. Because Griffith's petition and verification were timely, the Superior Court had jurisdiction regardless of the missing signature.
The City and Greacen principally rely on Birch Bay Trailer Sales, Inc. v. Whatcom County, 65 Wash.App. 739, 829 P.2d 1109, review denied, 119 Wash.2d 1023, 838 P.2d 690 (1992), and Sterling v. County of Spokane, 31 Wash.App. 467, 642 P.2d 1255, review denied, 31 Wash.2d 1041 (1982) for the proposition a signed verification is jurisdictional. Their reliance on these cases is misplaced.
In Birch Bay, the petition was filed one day late. The Court of Appeals held the petition was untimely and thus the superior court did not have jurisdiction. Birch Bay, 65 Wash.App. at 744, 829 P.2d 1109. Although this holding resolved the case, the Court of Appeals went on to hold the petition was also defective because it was neither verified nor accompanied by an affidavit. The court cited Sterling for the proposition a petitioner has 90 days from the date the application is filed to cure it and pointed out that the petitioners had failed to submit an affidavit or verification within that time period. Birch Bay, 65 Wash.App. at 745, 829 P.2d 1109. This part of Birch Bay is dicta given the court's resolution of the timeliness issue. Even so, Birch Bay is distinguishable because the petitioner failed to even file an affidavit. Moreover, by allowing a 90-day cure period, the court acknowledged the superior court would have acquired jurisdiction had the application been timely regardless of the missing verification or affidavit.[5]
In Sterling, the superior court dismissed the writ application on the basis the petitioner did not have standing to file the application because he had not participated in the administrative proceedings. Sterling, 31 Wash.App. at 471, 642 P.2d 1255. The Court of Appeals affirmed on this basis and also held a party has 90 days from the time the *86 application is filed to file an affidavit, explaining:
Where an applicant has filed within the applicable time period, he has an additional 90 days to serve necessary parties. We apply this rule to the filing of petitions for writs of certiorari and supporting affidavits. Wolff's affidavit was filed within the 90-day period and therefore should have been considered by the trial court.
Sterling, 31 Wash.App. at 472, 642 P.2d 1255 (citations omitted).
The Court of Appeals in Sterling properly looked to the civil rules to determine the procedure governing writ proceedings. In this case, the proper rule for determining whether a timely application should be dismissed for lack of a signature is CR 11. The purpose of the verification requirement is to assure the truthfulness of the pleadings and to discourage claims without merit, which is also the purpose of CR 11. The Superior Court should have applied CR 11 and dismissed the application only if Griffith failed to sign the verification promptly after the omission was called to his attention.
We reverse the Superior Court and the Court of Appeals and order the writ to be reinstated.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN and TALMADGE, JJ., concur.
SANDERS, Justice (concurring).
I arrive at the majority's destination but by a different route. The Legislature's requirement that "[t]he application must be made on affidavit" (emphasis added) is mandatory and jurisdictional; however, the Legislature imposed no time limitation upon when that application on affidavit is to be filed, nor would I impose one by analogy to local ordinance. Therefore, while I conclude the affidavit is a jurisdictional requirement, I would reverse the holding of the trial court and the Court of Appeals that the application and affidavit must be served and filed by a date determined by local ordinance despite a state statute which imposes no timeliness requirement.

I
RCW 7.16 creates a statutory writ of certiorari. The relevant section was enacted in 1895. Laws of 1895, ch. 65, § 5. It has never been amended and states in full:
Application for writNotice
The application must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice.
RCW 7.16.050. The statute imposes no limit on when the affidavit must be filed.
Griffith argues the complaint was signed by counsel and would have been verified by a party in actual compliance with RCW 7.16.050 but for the dismissal. He contends the misdirection of the signed verification to Bellevue rather than to the court clerk was not a fatal jurisdictional defect and therefore he was improperly denied an opportunity to cure.
On the other hand, Greacen and Bellevue argue strict compliance with the statute is essential to invoke the jurisdiction of the superior court and Griffith did not strictly comply. Each contends one may not "substantially comply" with a jurisdictional prerequisite and assume filing all necessary and properly verified pleadings within 20 or 90 days of the judicial act to be reviewed is in fact jurisdictional.
The trial court agreed with Greacen and Bellevue, relying upon Sterling v. Spokane County, 31 Wash.App. 467, 642 P.2d 1255, review denied, 31 Wash.2d 1041 (1982) and Birch Bay Trailer Sales, Inc. v. Whatcom County, 65 Wash.App. 739, 746-47, 829 P.2d 1109, review denied, 119 Wash.2d 1023, 838 P.2d 690 (1992) to the effect it lacked jurisdiction because Griffith did not file a properly signed verification with the court within 90 days of filing the petition. But jurisdiction is the issue. If such a timeliness requirement were jurisdictional, the trial court and the Court of Appeals should be affirmed.
Proper resolution of this case requires a return to fundamentals. "The jurisdiction of *87 a court is in a broad sense its power to hear and determine controversies, and in a more restricted sense its power to adjudicate a particular case." 21 C.J.S. Courts § 9(a) (1990). Subject matter jurisdiction is the power to hear and decide cases of a general class. 21 C.J.S. Courts § 18. Courts have the jurisdiction to determine their own jurisdiction. We have recently confirmed this maxim by holding this court has the jurisdiction to determine the procedures which govern its own jurisdiction. Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wash.2d 459, 465, 880 P.2d 25 (1994) (the time to file a writ of certiorari in a land use case extended until the first day courts are open after statutory time limit for filing has run).
A superior court acts in a limited jurisdictional capacity in statutory writ proceedings. We have held:
Although the superior court is a court of general jurisdiction, [a writ of certiorari] is a special proceeding in which the court is acting in an appellate capacity. Under such circumstances, the court has only such jurisdiction as is conferred by law.
Deschenes v. King County, 83 Wash.2d 714, 716, 521 P.2d 1181 (1974).
The distinction between general and limited jurisdiction has been further described as follows:
General and limited or special jurisdiction.
A court's general jurisdiction of the case is the right to exercise judicial power over that class of cases, and such jurisdiction extends to all controversies which may be brought before a court within the legal bounds of rights and remedies. Limited or special jurisdiction, on the other hand, is jurisdiction which is confined to particular cases, or which can be exercised only under the limitations and circumstances prescribed by the statute.
21 C.J.S. Courts § 9(a) (footnotes omitted). This statute, RCW 7.16.050, requires an affidavit but does not limit the time when it must be filed.
Special or limited jurisdiction is jurisdiction limited to certain subject matter. Special jurisdiction cannot be enlarged "beyond the express letter of the grant" in the statute conferring authority on the court. 21 C.J.S. Courts § 13(a). However, "if the legislature has shown no indication of its intention to limit jurisdiction, the act in question must be construed as imposing no limitation [on jurisdiction]." 21 C.J.S. Courts § 13(b) (footnotes omitted) (emphasis added).
Certainly a court's jurisdiction may be limited by statute in a particular class of cases, such as certiorari, and where the method of acquiring jurisdiction is specified in a statute, compliance is essential.
However, a procedural requirement should not be jurisdictional unless the legislature intended it as an essential element in a statutorily mandated scheme for pursuing substantive rights, and a failure to conform to the statute literally may be deemed to be an unimportant variation not affecting the jurisdiction of the court.
21 C.J.S. Courts § 54 (footnotes omitted); accord Stikes Woods, 124 Wash.2d at 466, 880 P.2d 25; Byers v. Board of Clallam County Comm'rs, 84 Wash.2d 796, 798, 529 P.2d 823 (1974); In re Messmer, 52 Wash.2d 510, 326 P.2d 1004 (1958).
The Legislature may jurisdictionally limit the time within which a writ of certiorari must be sought. 14 C.J.S. Certiorari § 34 (1991). However, "[i]n absence of statute or rule, the time for applying for certiorari is often governed by analogy to the limitation applicable to other proceedings or remedies.... If more than one appeal period is analogous, then the longer appeal period should be applied." 14 C.J.S. Certiorari § 35. That is the rule in our state. Summit-Waller Citizens Ass'n v. Pierce County, 77 Wash.App. 384, 392, 895 P.2d 405, review denied, 127 Wash.2d 1018, 904 P.2d 299 (1995); City of Federal Way v. King County, 62 Wash.App. 530, 536, 815 P.2d 790 (1991); Akada v. Park 12-01 Corp., 103 Wash.2d 717, 719, 695 P.2d 994 (1985) (citations omitted); Pierce v. King County, 62 Wash.2d 324, 333, 382 P.2d 628 (1963).
At the heart of this case is whether a 20day, 90-day, or any other-day rule applied by analogy is jurisdictional, not whether or not filing and service of an application on affidavit *88 is, in itself, jurisdictional. The affidavit requirement is jurisdictional because the statute clearly and unequivocally states "the application must be made on affidavit." The statute has thus defined that which is jurisdictionally required in quite mandatory language.
A statutory time limitation on initiation of certiorari proceedings may be jurisdictional and substantive. If so, an untimely filed petition may deprive an appellate court of subject matter jurisdiction. 14 C.J.S. § 34. However, "a time limitation adopted by a court in the exercise of the common law power to regulate certiorari proceedings is not jurisdictional, being subject to the discretionary power to excuse defaults in appropriate circumstances." 14 C.J.S. § 34 (footnote omitted) (emphasis added).
As this certiorari statute specifies no time limit, jurisdictional or otherwise, any time limit for commencing a certiorari proceeding is by analogy to the time period for an appeal as established by state statute or state court rule. Pierce v. King County, 62 Wash.2d 324, 333, 382 P.2d 628 (1963). Since the courts have jurisdiction to establish these time limits, they are not jurisdictional but result from the court's exercise of that jurisdiction. 14 C.J.S. Certiorari § 34.[1]
The remaining question is what effect, if any, Bellevue's municipal land use code has on the jurisdiction of state courts. The answer is none. Bellevue asserts its ordinance[2] specifying a 20-day time limit for the filing of an "appeal"[3] is itself jurisdictional. The trial court and the Court of Appeals held the local 20-day time limit to "appeal" set forth in BLUC § 20.35.535 was a "jurisdictional" time limit not only for commencing the action through filing a petition but also for filing a certiorari affidavit within 90 days (although the ordinance doesn't require an affidavit and the certiorari statute does not establish a 20-day time limit). These courts relied on Sterling, 31 Wash.App. at 470-71, 642 P.2d 1255 (county ordinance confers jurisdiction on superior court and time limitation is jurisdictional) and Birch Bay, 65 Wash.App. at 745, 829 P.2d 1109 (must cure defective affidavit within 90 days of filing writ application) to find lack of jurisdiction. See also Deschenes, 83 Wash.2d at 716, 521 P.2d 1181 (compliance with ordinance time limit is "jurisdictional").
It is elementary that a municipality, by enactment of a municipal ordinance, cannot deprive a state court of that jurisdiction granted by the Legislature and "[t]he city may only exercise such power as is delegated to it by the Legislature." Employco Personnel Servs. v. City of Seattle, 117 Wash.2d 606, 617, 817 P.2d 1373 (1991). If this ordinance purports to impose a 20-day jurisdictional time limit on the superior court, the ordinance is void because a locality cannot limit the jurisdiction of a state court. Employco, 117 Wash.2d at 617, 817 P.2d 1373. To the extent Deschenes, Sterling, Birch Bay, and other cases are inconsistent they should be overruled rather than distinguished. Distinguishing them just leaves the problem for another day by perpetuating the fictional timeliness "requirement" which cannot be found in the statute.

*89 II
Having concluded the superior court has jurisdiction to consider the issuance of writs of review or certiorari whenever the petition or affidavit may be filed, I would then consider whether Griffith's petition for a writ should have been dismissed for lack of "timely" verification on nonjurisdictional grounds, and would hold dismissal was error because CR 11 mandates the opportunity to cure.
CR 11 provides the appropriate rule for determining when compliance with the affidavit requirements of RCW 7.16.050 and .340 is required: "If a pleading, motion, or legal memorandum is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." CR 11. This is precisely what Griffith proposed to do, and would have done, but for the improvident dismissal by the trial court.
Bellevue and Greacen rely on the so-called "90-day rule" discussed in Sterling and Birch Bay, and alleged absence of excusable neglect, to support their argument that dismissal is appropriate. I disagree.
In Sterling, a county hearing examiner denied a rezone of a parcel of land for a mobile home park. Sterling v. Spokane County, 31 Wash.App. 467, 642 P.2d 1255, review denied, 31 Wash.2d 1041 (1982). The property owner appealed to the county commissioners, who granted the rezone. Sterling, a nearby property owner, unsuccessfully opposed the rezone. Sterling and another neighbor, Wolf (who did not participate in administrative review), filed a timely petition for a writ of certiorari. Sterling was dismissed and did not appeal. The trial court dismissed Wolf for lack of standing on two alternative grounds: (1) he failed to participate in prior administrative hearings; and (2) he did not file his affidavit until 58 days after the complaint (Wolf's only affidavit was not presented until after a motion to quash). Wolf appealed.
The Court of Appeals, Division III, affirmed the dismissal for failure to participate in the administrative hearings, but disagreed as to the affidavit. Discussing the affidavit, the court recognized: "The rules of practice in special proceedings are those relating to civil actions." Sterling, 31 Wash.App. at 471, 642 P.2d 1255 (citing RCW 7.16.340 and G 3 Properties, Inc. v. Board of County Comm'rs, 27 Wash.App. 625, 630, 620 P.2d 108, rev'd on other grounds sub nom. North Street Ass'n v. City of Olympia, 96 Wash.2d 359, 364, 635 P.2d 721 (1981)). The Sterling court then developed a novel 90-day rule by analogy to service of process requirements. See CR 3(a) (an action is commenced when filed or served) and RCW 4.16.170 (filing the complaint or serving process tolls the statute of limitations for 90 days to accomplish the other). Applying this rule Sterling found the affidavit filed 58 days after the petition for certiorari timely.[4]
Footnote five of the Sterling opinion recognized this court approved the submission of a verification as late as a hearing on a motion to quash 20 months after filing the complaint, Byers v. Board of Clallam County Comm'rs, 84 Wash.2d 796, 798, 529 P.2d 823 (1974); however it inexplicably failed to follow it.
In Byers, like here, citizens challenged a zoning action by certiorari. No affidavit was presented to the court until a hearing on a motion to quash for lack of verification 20 months later. The trial court accepted the affidavit. This court expressly approved, stating:
[The county] argue[s], the application for the writ failed to comply with RCW 7.16.050 in that it was not accompanied by an affidavit from a beneficially interested party. That asserted defect was corrected, however, at the hearing on appellants' motion to quash the writ. Respondents supplied the missing affidavits and the Superior Court ruled that they cured any previous deficiency. It held further, that if leave to amend were necessary he would grant it "in the interest of fundamental fairness."
Byers, 84 Wash.2d at 798, 529 P.2d 823. Compare In re Messmer, 52 Wash.2d 510, *90 513, 326 P.2d 1004 (1958) (court may treat defects as cured by amendment or disregard same).
In Byers the court found a verification timely when filed 20 months after the application for the writ applying a "reasonable" time limit. To the extent Sterling and Birch Bay are inconsistent, they should be overruled.
The verification requirement of RCW 7.16.050 is jurisdictional but has nothing to do with timeliness. Its purpose is to assure the truthfulness of the pleadings and to discourage claims without merit. This mirrors the purpose of CR 11.
For these reasons, I would concur that a petition for a writ should not be dismissed for lack of proper verification by a party unless that party fails to promptly provide a proper verification after the omission is called to the attention of the party, as per CR 11.
ALEXANDER, J., concurs.
NOTES
[1] Under Bellevue's land use code, Griffith had 20 days from the effective date of the City Council decision to appeal to superior court by way of writ of certiorari. The effective date of the City Council decision was October 18, 1993; Griffith filed the petition on November 8, 1993.
[2] A verification may be substituted for an affidavit. Gordon v. Seattle-First Nat'l Bank, 49 Wash.2d 728, 731, 306 P.2d 739 (1957); RCW 9A.72.085. The verification stated: "I am one of the plaintiffs above named; I have read the foregoing Petition for Writ of Certiorari to Review Governmental Action, know the contents thereof and believe the same to be true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.
DATED this ____ day of ____________________, 1993 at Seattle, Washington. _______________________"
Clerk's Papers at 16.
[3] The verification served on the City of Bellevue was signed by petitioner H. Graham Gaiser.
[4] See also RCW 4.36.240 ("The court shall, in every stage of an action, disregard any error or defect in pleadings or proceedings which shall not affect the substantial rights of the adverse party"); RAP 1.2(a) ("Cases ... will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands"); RAP 18.8 ("The appellate court may ... enlarge or shorten the time within which an act must be done in a particular case in order to serve the ends of justice"); State v. Ashbaugh, 90 Wash.2d 432, 583 P.2d 1206 (1978) (filing fee for notice of appeal is not a jurisdictional requirement even though RAP 5.1(b) provides filing fee "must" be paid at the time the notice of appeal is filed).
[5] See RCW 4.28.020 (court acquires jurisdiction when the complaint is filed or the summons is served).
[1] Even where the specific statute did establish time limits for filing, this court has authorized extension of those time limits to effect the legislative purpose of the certiorari statute, hearing cases on the merits, holding that not even statutory time limits are necessarily jurisdictional. Stikes Woods, 124 Wash.2d at 465, 880 P.2d 25.
[2] 20.35.535 Appeal of City Council Decision:

A. General: The decision of the City Council may be appealed to the Superior Court.
B. Who May Appeal: The decision of the City Council may be appealed by an affected project proponent or the appellant.
C. Form of Appeal: A person filing an appeal must make application to the Superior Court for a writ of certiorari, writ of prohibition or writ of mandamus.
D. Time to Appeal: The decision of the City Council must be appealed to Superior Court no more than 20 calendar days following the effective date of the City Council decision on the appeal or is thereafter barred.
Bellevue Land Use Code (BLUC) § 20.35.535 (Sept. 1991).
[3] This ordinance treats an appeal and a writ of certiorari as synonymous. However, in law they are more nearly opposites since the absence of a right to appeal is a condition precedent of the writ of certiorari. Compare RCW 7.16.040 (grounds for writ include showing no right of appeal).
[4] Interestingly, Sterling does not explain where it found the "timely" filed affidavit which could be served within the next 90 days.