[Nos. 43058, 43059, 43060.   En Banc.   July 24, 1975.]

DEL PETTIT, *Appellant*, v. BOARD OF TAX APPEALS *et al*, *Respondents*.

DEL PETTIT, *Appellant*, v. BOARD OF TAX APPEALS *et al*, *Respondents*.

DEL PETTIT, *Appellant*, v. BOARD OF TAX APPEALS *et al*, *Respondents*.

Patrick Sutherland, Prosecuting Attorney, and Gerald K. Mooney, Special Assistant, for appellant.

Slade Gorton, Attorney General, and Edward B. Mackie, Deputy, for respondent Board of Tax Appeals.

G. Keith Grim and Mark E. Johnson (of Lane, Powell, Moss & Miller), Roger L. Williams (of Davis, Wright, Todd, Riese & Jones), and Dan J. Agnew, for respondents Weyerhaeuser Company et al.

HAMILTON, J.—The Tax Assessor for Thurston County appeals from the Superior Court's dismissal of his action seeking de novo review of the action of the State Board of Tax Appeals. We must decide whether the assessor can obtain judicial review of a decision of the Board of Tax Appeals by way of either RCW 82.03.180 or the inherent review power of the superior court.

Respondents are timber companies, owners of an estimated 60,000 acres of land in Thurston County, which prior to 1972 was assessed as "classified" forest land, with attendant tax advantage, under the forest tax act, RCW 84.33. In 1972, the Thurston County Assessor determined, pursuant to RCW 84.33.120(4), to discontinue the "classified" status on the grounds that a higher and better use existed for those lands.[1] Respondents appealed to the County Board of

---

[1] In 1974, the legislature acted to revise the forest land valuation system, eliminating the assessment difficulties encountered here. Laws of 1974, 1st Ex. Sess., ch. 187, § 5, amending RCW 84.33.120. The new enactment, effective in 1975, does not however affect the 1972, 1973, and 1974 assessment years.

Equalization, which reversed the Assessor's decision. The Assessor then appealed to the State Board of Tax Appeals, which, after a series of informal hearings, affirmed the decision of the County Board of Equalization.

The Thurston County Assessor then appealed to the superior court, seeking judicial review of the Board of Tax Appeals' decision under RCW 82.03.180. The Superior Court granted respondents' motion for dismissal on the grounds that RCW 82.03.180 did not confer jurisdiction on that court to review a decision of the Board entered following informal hearings. The Superior Court also declined to exercise its inherent review power on grounds that no fundamental right was asserted by the Assessor.

■ RCW 82.03.140 permits one appealing from a decision of the Board of Equalization to elect formal hearings before the Board of Tax Appeals. Such an election entitles a further appeal to the superior court under the administrative procedure act. RCW 82.03.180, RCW 34.04.150. The first question raised by this appeal is whether, having failed to elect such formal proceedings, the tax assessor is entitled to de novo review under RCW 82.03.180. That statute provides:

> Judicial review of a decision of the board of tax appeals shall be de novo in accordance with the provisions of RCW 82.32.180 or 84.68.020 as applicable except when the decision has been rendered pursuant to a formal hearing elected under RCW 82.03.140 or 82.03.190, in which event judicial review may be obtained only pursuant to RCW 34.04.130 and 34.04.140: *Provided, however*, That nothing herein shall be construed to modify the rights of a taxpayer conferred by RCW 82.32.180 and 84.68.020 to sue for tax refunds: *And provided further*, That no review from a decision made pursuant to RCW 82.03.130 (1) may be obtained by a taxpayer unless within the petition period provided by RCW 34.04.130 the taxpayer shall have first paid in full the contested tax, together with all penalties and interest thereon, if any. The director of revenue shall have the same right of review from a decision made pursuant to RCW 82.03.130 (1) as does a taxpayer.

The difficulty is with the construction to be given to the first sentence of the statute. Appellant argues that the statute authorizes de novo judicial review of all proceedings before the Board of Tax Appeals, except insofar as individual cases fall within the terms of RCW 82.32.180 or RCW 84.68.020,[2] or where a formal hearing was elected. Appellant's construction of the statute amounts to a grant of de novo review of all decisions rendered in informal proceedings. Otherwise, he argues, taxpayers not falling within the terms of RCW 82.32.180 or RCW 84.68.020 have no recourse to the courts under RCW 82.03.180.

We point out, by way of initial response, that appellant is a *tax assessor*, not a *taxpayer*; and that in any event election of a formal hearing procedure at the Board of Tax Appeals level insures the availability of subsequent judicial review under the administrative procedure act. The construction of the statute advanced by respondents, with which we agree, allows no appeal from an informal hearing (but preserves the taxpayer's right to seek refunds in accordance with the two specified statutes, RCW 82.32.180, RCW 84.68.020). Essentially, the question rests on a determination of the impact of the statutory language "in accordance with the provisions of RCW 82.32.180 or 84.68.020 as applicable . . ." Without belaboring the vagaries of punctuation, we note that the statute, while not perhaps ideally clear, does not say "judicial review shall be de novo," but rather says "judicial review . . . shall be de novo in accordance with . . ." We read the "in accordance with" language as modifying and therefore limiting the grant of review de novo. The statute's first mention of RCW 82.32.180 and RCW 84.68.020 confirms, as cross-reference would indicate, that actions for refunds pursuant to those statutes shall be de novo. The proviso, stating that

[2]RCW 82.32.180 relates to judicial review in tax refund proceedings with respect to such taxes as the business and occupation tax, sales tax, use tax, public utility taxes, etc. RCW 84.68.020 relates to claims for taxes paid under protest. Neither statute is applicable to the instant case.

rights under those sections are not modified, is not merely redundant under our construction of the statute, but rather makes clear that no exhaustion of remedies is required; the taxpayer may directly seek the refund without a Board of Tax Appeals proceeding. (If, however, a Board of Tax Appeals formal hearing is elected, a separate action for refund is precluded by RCW 82.32.180.)

◼ Our conclusion is bolstered by the specific reference to review of formal hearings. As the trial court reasoned, if de novo review were available in every case, a party would have no reason to elect a formal proceeding which results in a record reviewable under the administrative procedure act, by which both parties are bound. We conclude that the legislature intended to limit judicial review of Board of Tax Appeals proceedings to those procedures in which a formal record was generated, except where other statutes provide specifically for de novo review, i.e., tax refund actions pursuant to RCW 82.32.180 and RCW 84.68.020. Taxpayers are amply protected by the legislation; they may either sue for a refund or pursue an administrative procedure act appeal. That the legislature contemplated the function of the statute as one of protection of taxpayers, not tax assessors, is indicated by the statement of purpose of the 1967 amendatory act, establishing the Board of Tax Appeals:

> Section 1. The purpose of this 1967 amendatory act is to provide . . . a convenient and economical form in which the *appeals of individual taxpayers* may be determined.

(Italics ours.) Laws of 1967, 1st Ex. Sess., ch. 26, § 1, p. 1519.

Appellant protests that to rule against him is inconsistent with strong presumptions favoring judicial review of agency action. The cases cited to us by appellant, however, involve the applicability of the federal Administrative Procedure Act. In *Abbott Laboratories v. Gardner*, 387 U.S. 136, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967), the Supreme Court held that a statutory scheme providing for pre-

enforcement review of certain kinds of agency regulations did not imply an intent to deny review of other kinds of regulations merely because no specific provision was made for such review. The court's decision turned on a construction of the federal Administrative Procedure Act, 5 U.S.C. § 701. Appellant does not attempt to proceed under our state's administrative procedure act, and by its express terms he cannot so proceed. The act does not apply to Board of Tax Appeals proceedings unless an election for formal hearing has been made. RCW 34.04.150, RCW 82.03.180. Our reading of the statutes is consistent with the presumption of reviewability; judicial review is in fact guaranteed to anyone who elects a formal proceeding before the Board of Tax Appeals.[3]

Appellant contends that even if he has no right to judicial review under RCW 82.03.180, the Superior Court has inherent constitutional power to review illegal or arbitrary and capricious actions of public officials, citing *State ex rel. Shannon v. Sponburgh*, 66 Wn.2d 135, 401 P.2d 635 (1965); *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 59 Wn.2d 366, 367 P.2d 995 (1962). In *Sponburgh*, we reversed a decision of the State Liquor Control Board in which the board revoked its earlier approval of a location change, on which approval Mr. Shannon had relied in incurring a substantial expense and liability. We applied the doctrine of equitable estoppel to correct the "grave injustice" resulting from the board's actions. We relied on *Cosmopolis* for the proposition that courts have a constitutional

---

[3]One possible factual situation has indeed given us pause. Assume, for example, that a taxpayer prevails before the County Board of Equalization. If the tax assessor thereupon appeals to the Board of Tax Appeals, failing to elect a formal proceeding, and if then it is the taxpayer who subsequently wishes to seek judicial review, our decision in this case would seemingly preclude the taxpayer from doing so. In other words, one party's failure to elect a formal hearing may later operate to preclude the other party from court review under RCW 82.03.180. However, we are satisfied that in such a hypothetical case a writ of certiorari would perhaps lie, and the power of the Superior Court would be appropriately exercised to grant review on the taxpayer's behalf.

power to review acts of public officials which are alleged to be arbitrary and capricious. Exercise of this inherent power of judicial review depends, however, on the tendency of the actions reviewed to do violence to fundamental rights. In *State ex rel. DuPont-Fort Lewis School Dist. 7 v. Bruno*, 62 Wn.2d 790, 794, 384 P.2d 608 (1963), we stated:

> The essential touchstone, impelling invocation of the inherent or constitutional power of judicial review of nonjudicial administrative action, is the basic nature and extent or magnitude of the right involved coupled with the patency and character of the alleged violation.

*See also Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 525 P.2d 774 (1974). In *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 401-02, 511 P.2d 52 (1973), we considered the availability of constitutional certiorari to the Liquor Control Board, which sought extra-statutory review of an action of the State Personnel Board:

> [T]he question is whether the Personnel Board acted illegally or engaged in arbitrary and capricious action violative of fundamental rights. Only if it so conducted itself did the superior court possess an inherent constitutional power of review.

The Liquor Control Board was there unable to point to fundamental rights peculiar to it which were violated by the Personnel Board's action. Appellant is similarly unable to assert a fundamental right which would entitle him to invoke the court's inherent constitutional power of review. The trial court properly refused to exercise that power.

At the conclusion of the hearing on the motion to dismiss, appellant requested additional time to permit supplemental pleadings seeking relief by way of declaratory judgment and statutory certiorari pursuant to RCW 7.16.040.[4] The

---

[4] "A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." RCW 7.16.040.

trial court denied appellant's request whereupon the formal order of dismissal was entered from which this appeal followed.

The granting of a continuance rests in the sound discretion of the trial court as does allowance of supplemental pleadings. *Swope v. Sundgren*, 73 Wn.2d 747, 440 P.2d 494 (1968). Under the circumstances of this case, we find no abuse of discretion on the part of the trial court. Accordingly, we do not reach appellant's contention that statutory certiorari is applicable to decisions of the Board of Tax Appeals rendered upon an informal hearing.

The order of dismissal is affirmed.

STAFFORD, C.J., FINLEY, ROSELLINI, HUNTER, WRIGHT, UTTER, and HOROWITZ, JJ., and REVELLE, J. Pro Tem., concur.