[No. 7612-4-I. Division One. May 12, 1980.]

TRANSAMERICA TITLE INSURANCE COMPANY, *Appellant,* v. HARLEY H. HOPPE, ET AL, *Respondents.*

*Robert M. Schaefer, Wayne W. Nelson,* and *Blair, Schaefer, Hutchison, Wynne, Potter, Horton & Johnson,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Stephen O. Kenyon, Deputy,* for respondents.

DORE, J.—Plaintiff, Transamerica Title Insurance Company (Transamerica), appeals from dismissal of its "Petition for de Novo Review of a Decision of the Board of Tax

Appeals and Refund of Taxes Paid" (petition), for failure to file within the applicable statute of limitation. We affirm.

## ISSUES

1. Does RCW 82.03.180 preserve the right to judicial review of a Board of Tax Appeals decision made after an informal hearing?

2. Did plaintiff properly seek judicial review of the Board of Tax Appeals action by filing a tax refund action?

3. Did plaintiff's petition comply with the requirements of the Washington administrative procedures act, RCW 34.04, as an appeal from the Board of Tax Appeals final decision rendered pursuant to formal hearings?

## FACTS

Transamerica maintains a title plant consisting of records, maps, and other documents which provide Transamerica with a complete chain of title ownership to any parcel of real property in King County. Transamerica's title plant was first valued for tax purposes and placed on the King County assessment rolls in 1971. At that time, valuations of the title plant for the years 1968–70 were also placed on the rolls as omit assessments. The title plant was assessed again and placed on the King County assessment rolls in 1972.

Transamerica appealed the assessments made for 1968–72 to the King County Board of Equalization which lowered the assessed value. Transamerica paid the taxes, under protest, as determined by that body.

Transamerica and the King County Assessor appealed the decision to the State Board of Tax Appeals (BTA) pursuant to RCW 82.03.130(2).[1] Plaintiff requested an informal hearing pursuant to RCW 82.03.150. Defendants

---

[1]RCW 82.03.130 reads in part:

"The board shall have jurisdiction to decide the following types of appeals:

". . .

"(2) Appeals from a county board of equalization pursuant to RCW 84.08.130 [which requires filing the notice of appeal within 30 days of the board of equalization's action]."

requested a formal hearing pursuant to RCW 82.03.160. Defendants instituted a declaratory judgment action in the Superior Court for Thurston County seeking an order that the appeals (consolidated by order of the BTA) be heard exclusively at a formal hearing. The Superior Court ruled that the BTA should proceed with both the informal and formal hearings, considering each appeal separately and requiring the issuance of separate orders.

The BTA heard both appeals and issued its final order on December 24, 1974, wherein it reassessed the value of the title plant at a higher value than the Board of Equalization had determined. Transamerica did not pay the increased tax caused by the raised property evaluations.

Transamerica filed its petition on January 22, 1975, in King County Superior Court. The defendants moved for summary judgment alleging Transamerica's claims were barred by the statute of limitation. The court granted defendants' motion. A new argument, raised by Transamerica for the first time in a motion to reconsider, alleged that the order granting defendants' summary judgment wrongfully dismissed Transamerica's entire petition. It argued that only the appeals from the informal hearings and not the appeals from the formal hearings were vulnerable to the statute of limitation attack.

## DECISION

ISSUE 1: RCW 82.03.180 preserves the right to judicial review of a BTA decision based upon an informal hearing.

Plaintiff argues that RCW 82.03.180 impliedly gives the right to de novo judicial review from an informal hearing before the BTA by filing a lawsuit under one of two specific statutes—RCW 82.32.180 or 84.68.020. Defendant asserts that there is no appeal from a BTA decision rendered pursuant to an informal hearing. In pertinent part, RCW 82.03.180 reads as follows:

Judicial review of a decision of the board of tax appeals shall be de novo in accordance with the provisions of RCW 82.32.180 or 84.68.020 as applicable except when the decision has been rendered pursuant to a formal hearing elected under RCW 82.03.140 or 82.03.190, in which event judicial review may be obtained only pursuant to RCW 34.04.130 and 34.04.140: *Provided, however,* That nothing herein shall be construed to modify the rights of a taxpayer conferred by RCW 82.32.180 and 84.68.020 to sue for tax refunds:

█ This statute was interpreted by the Washington Supreme Court in *Pettit v. Board of Tax Appeals,* 85 Wn.2d 646, 538 P.2d 501 (1975). The *Pettit* court considered "whether, having failed to elect . . . formal proceedings [before the BTA], the tax assessor is entitled to de novo review under RCW 82.03.180." 85 Wn.2d at 648. It concluded that there is no right pursuant to that statute. It noted, however, that a taxpayer's right to seek refunds was protected under RCW 82.03.180. The taxpayer can seek a refund if RCW 82.32.180 or 84.68.020 is applicable. Such an action would secure de novo review provided the taxpayer proceeded in accordance with the applicable statutes.

ISSUE 2: Plaintiff failed to timely file its tax refund action.

Under the Washington taxing system, taxes are levied by the King County Council after values have been assessed. The comptroller's office subsequently sends out tax bills in February of the year following the assessment year. Taxes on the property assessed are payable by April 30 of the year following the assessment year. RCW 84.56.020. Therefore the taxes for the 1971 assessments on plaintiff's title plant were payable by April 30, 1972. The taxes for the 1972 assessment year were payable by April 30, 1973.

RCW 84.68.020 provides, in part:

In all cases of the levy of taxes for public revenue which are deemed unlawful or excessive by the person, firm or corporation whose property is taxed, . . . such person, firm or corporation may pay such tax . . . under written protest setting forth all of the grounds upon

which such tax is claimed to be unlawful or excessive; and thereupon the person, firm or corporation so paying . . . may bring an action in the superior court . . . against the state [or] county . . . by whose officers the same was collected, to recover such tax . . . so paid under protest:

■ Transamerica had a choice after the King County Assessor placed a value on plaintiff's title plant: it could have paid the tax under protest and sued for a refund pursuant to RCW 84.68.020, or sought an administrative remedy by appealing to the Board of Equalization. Both actions could have been initiated simultaneously. A taxpayer need not exhaust its administrative remedies before suing for a refund. *Pettit v. Board of Tax Appeals, supra.*

■ RCW 84.68.020 is subject to RCW 84.68.060, limitation of actions, which reads as follows:

No action instituted pursuant to this chapter or otherwise to recover any tax levied or assessed shall be commenced after the 30th day of the next succeeding June following the year in which said tax became payable.

Plaintiff argues that the tax did not become payable until the final decision of the BTA was rendered, *i.e.,* until December 24, 1974. The statute of limitation would have run therefore on June 30, 1976. Transamerica filed its petition in King County Superior Court on January 22, 1975.

As explained above, taxes are payable on a specific day as set by RCW 84.56.020. Consequently, the statute of limitation is triggered on that day. A taxpayer has until June 30 of the year following the year in which the tax became payable to file his/her refund action. Transamerica would have had to file by June 30, 1973, regarding the valuations for the years 1968–71 and would have had to file by June 30, 1974, regarding valuations for the 1972 assessments. Neither of these deadlines was met. Transamerica failed to file its petition within the applicable time period, and therefore the Superior Court correctly dismissed its petition.

■ RCW 84.68.020 requires that an aggrieved taxpayer *pay the tax under protest* and then sue for a refund. The

BTA rendered its decision raising the tax from the value assessed by the Board of Equalization. Thereafter, Transamerica filed its petition but failed to pay the additional tax under protest. Therefore even if the statute of limitation had not run on the refund action, Transamerica's petition was rightfully dismissed. There can be no refund if there has been no payment.

ISSUE 3: Appellant's petition did not comply with the requirements of the Washington administrative procedures act, RCW 34.04, as an appeal from the Board of Tax Appeals final decision rendered pursuant to formal hearings.

The Washington administrative procedures act, RCW 34.04 (APA) provides for judicial review of BTA final decisions which were rendered pursuant to formal hearings. The fact that defendants elected the formal hearings does not preclude plaintiffs from securing de novo judicial review.

Through the petition, plaintiff sought to preserve its right to an appeal from the BTA decision based on the *formal* hearings. The petition itself, however, sought de novo review of the BTA decision rendered pursuant to the *informal* hearings. In the prayer for relief on page 9 of the petition, plaintiff states:

WHEREFORE, petitioner prays that the Court *review de novo* the decision by the Board of Tax Appeals by *calling witnesses to hear all facts and evidence* relating to personal property of this nature and the assessments being made thereto by the King County Assessor . . .

(Italics ours.) And on page 10 of the petition, plaintiff asks that the court:

5. Stay and continue any action on the formal appeals as to the years 1968, 1969, 1970, 1971 and 1972 while the courts are considering the de novo hearings on the appeals from the informal hearings;

Plaintiff hoped to preserve its rights regarding the formal appeals by securing a stay of further action on them through the petition. A stay was never granted by the

Superior Court. Plaintiff did not successfully preserve its right to the formal appeals.

Affirmed.

JAMES, A.C.J., and RINGOLD, J., concur.