[No. 26101-4-II.   Division Two.   January 11, 2002.]

TODRIC CORPORATION, *Appellant*, v. THE DEPARTMENT OF REVENUE, *Respondent*.

---

[20] *Dixon*, 509 U.S. at 696-97.

*Leslie A. Powers* (of *Powers & Therrien, P.S.*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Donald F. Cofer, Senior Assistant,* and *Cameron G. Comfort, Assistant,* for respondent.

BRIDGEWATER, J. — Todric Corporation appeals the trial court's dismissal of its appeal for taxes paid from 1988 to 1990. We hold that the statute is unambiguous and requires that Todric file its appeal within 30 days of the Department's rejection of its refund application, after it had opted for an informal hearing. Todric's decision to file an appeal after the Board of Tax Appeals' decision in 1996, instead of the Department's determination in 1992, denied the superior court subject matter jurisdiction. We affirm.

The facts are undisputed. Appellant Todric Corporation is in the business of providing pickup and delivery service of laundry and linen under a Joint Operating Agreement with Crest Linen Rental, Inc., which owns and operates a laundry plant in Yakima.

In 1991, the Department of Revenue (Department) audited Todric for the tax period of January 1, 1988, to September 30, 1990, which resulted in a net credit to Todric of $3,067.00 plus interest. The Department offset this amount with the amount of use tax Todric failed to pay. Todric did not contest the use tax; however, it disputed the Department's determination that it was subject to a business and occupation (B&O) tax and sought a refund of all B&O tax it paid. The Department determined that Todric was a laundry agent, but Todric alleged it was a member of a joint venture with Crest.

On August 26, 1992, the Department denied Todric's refund application and on July 26, 1993, denied its petition for reconsideration. Todric appealed the Department's denial of its refund application to the Board of Tax Appeals (Board) and elected an informal de novo hearing under

RCW 82.03.140. On February 16, 1996, the Board upheld the Department's earlier decision that Todric was taxable as a laundry agent, and on April 23, 1996, denied Todric's motion for reconsideration.

On May 23, 1996, Todric filed an appeal in Thurston County Superior Court. Todric alleged that it was not a laundry agent, and thus, it overpaid $69,864.49 in B&O tax from January 1, 1988 to September 30, 1990. The Department responded with a CR 12 motion to dismiss for lack of subject matter jurisdiction. The Department argued that RCW 82.32.180[1] was controlling and that Todric failed to file its refund action within 30 days of the Department's rejection of its application. The Department rejected Todric's application on August 26, 1992, and Todric did not appeal to Thurston County Superior Court until May 23, 1996. Although Todric argued that it was the Board's rejection that triggered the 30-day statute of limitation, the trial court agreed with the Department and concluded that Todric's appeal was untimely under RCW 82.32.180.

The sole issue on appeal is whether RCW 82.32.180's 30-day time limitation to file an appeal after the rejection of a refund application runs from the date of the Department's rejection or of the Board's rejection.

■■■ We review de novo the meaning of a statute with the principal objective of effectuating legislative intent.[2]

---

[1] RCW 82.32.180 provides in part as follows:

Any person, except one who has failed to keep and preserve books, records, and invoices as required in this chapter and chapter 82.24 RCW, having paid any tax as required and feeling aggrieved by the amount of the tax may appeal to the superior court of Thurston county, within the time limitation for a refund provided in chapter 82.32 RCW or, if an application for refund has been made to the department within that time limitation, then within thirty days after rejection of the application, whichever time limitation is later. In the appeal the taxpayer shall set forth the amount of the tax imposed upon the taxpayer which the taxpayer concedes to be the correct tax and the reason why the tax should be reduced or abated. The appeal shall be perfected by serving a copy of the notice of appeal upon the department within the time herein specified and by filing the original thereof with proof of service with the clerk of the superior court of Thurston county.

[2] We also review de novo a CR 12(b)(1) motion to dismiss. *In re Estate of Peterson*, 102 Wn. App. 456, 462, 9 P.3d 845 (2000), *review denied*, 142 Wn.2d 1021 (2001).

*Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). In assessing legislative intent, we look first to the statute's language. *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 774, 10 P.3d 1034 (2000). The language at issue must be evaluated in the context of the entire statute. *In re Sehome Park Care Ctr., Inc.* 127 Wn.2d 774, 778, 903 P.2d 443 (1995). If the language of the statute is clear and unambiguous, we look no further. *Cherry v. Mun. of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991); Statutory language is ambiguous when it is susceptible to more than one reasonable interpretation. *Cockle*, 142 Wn.2d at 808 (citing *Harmon v. Dep't of Soc. & Health Servs.*, 134 Wn.2d 523, 530, 951 P.2d 770 (1998)).

██ Under RCW 82.32.180, a party that pays all taxes and meets certain other requirements may obtain judicial review of a refund action in one of two ways. The party can appeal directly to Thurston County Superior Court within the time limitation for a refund. Or if a refund application has been made to the Department, a party can appeal to Thurston County Superior Court within 30 days from the rejection of that application.

Todric contends that the court erred in finding that the Department, rather than the Board's determination, triggers the 30-day limitation under RCW 82.32.180 for a de novo appeal by trial in Thurston County Superior Court. Todric asserts that the statute is ambiguous and does not resolve when a rejection occurs. Todric argues that if the statute referred to the Department's rejection of an application, then the time for appeal would end before the informal disposition of the matter by the Board. Thus, Todric argues that the 30-day time limitation after rejection of an application is measured by either the Department's final determination or the Board's final informal determination, whichever is later.

But a natural reading of RCW 82.32.180 leads to the conclusion that it is the Department's rejection of an

application that triggers the 30-day limitation. An application for refund is made to the Department and the rejection of the application, which is within the same sentence, must also refer to the Department. The relevant portion of the statute states as follows:

> Any person . . . having paid any tax as required and feeling aggrieved by the amount of the tax may appeal to the superior court of Thurston county, within the time limitation for a refund provided in chapter 82.32 RCW or, *if an application for refund has been made to the department* within that time limitation, then within thirty days *after rejection of the application*, whichever time limitation is later.

RCW 82.32.180 (emphasis added).

Contrary to Todric's contention, the statute's language explicitly references the Department as the one accepting a refund application and, thus, implicitly references the Department's rejection of an application as the trigger for the 30-day time limit. While the Board may review formally or informally the Department's initial decision to reject an application, it need not do so before a party petitions for appeal in Thurston County Superior Court. RCW 82.32-.180. *See Pettit v. Bd. of Tax Appeals*, 85 Wn.2d 646, 649-50, 538 P.2d 501 (1975) (taxpayer need not exhaust all administrative remedies).

Therefore, it is the Department's rejection of a refund application that triggers the 30-day statute of limitation to filing an appeal in Thurston County Superior Court. Here, Todric filed its appeal in Thurston County Superior Court on May 23, 1996, almost three years after the Department denied its refund application on July 26, 1993. Thus, Todric's appeal to superior court was untimely and the superior court did not err in dismissing Todric's appeal for lack of subject matter jurisdiction. *See State v. Franks*, 105 Wn. App. 950, 955, 22 P.3d 269 (2001) (tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate); *see also Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 98 Wn. App. 121, 123-24, 989

P.2d 102 (1999) (when a court lacks subject matter jurisdiction, dismissal is the only permissible action the court may take), *review denied*, 141 Wn.2d 1007 (2000).

Affirmed.

ARMSTRONG, C.J., and HUNT, J., concur.

Reconsideration denied February 13, 2002.

Review denied at 147 Wn.2d 1006 (2002).