[No. 30588-1-III.    Division Three.    February 14, 2013.]

ERIC T. ASH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

560

*Janelle Carman* (of *Carman Law Office*), for appellant.

*Robert W. Ferguson, Attorney General,* and *Annika M. Scharosch, Assistant,* for respondent.

¶1 KORSMO, C.J. — The trial court dismissed Eric Ash's appeal of an assessment from the Department of Labor and Industries (DLI) for failure to seek a hardship waiver prior to filing the action. We agree that RCW 51.52.112 as written does not require the prepayment and remand to the trial court to consider his hardship petition.

## FACTS

¶2 Mr. Ash, doing business as Par Oneri Concrete, has a long-running dispute with DLI concerning his failure to pay industrial insurance premiums for his employees. In 2004 DLI audited Mr. Ash and directed him to open an account with them. He was also directed to either list his father as an employee or make him a business partner, as well as to pay corresponding taxes and premiums and keep appropriate records of wages and employees.

¶3 DLI audited Mr. Ash again in 2009. Mr. Ash turned over his sole financial record—his checkbook. DLI assessed him back taxes and penalties for failing to pay insurance premiums for his father and three other employees, for failing to keep adequate records, and for making misrepresentations to the department. The total assessment was $15,345.66.

¶4 Representing himself, Mr. Ash proceeded through the administrative appeals process. He unsuccessfully sought reconsideration by DLI, lost an appeal before an industrial appeals judge (IAJ), and then had the Board of Industrial Insurance Appeals (Board) affirm the decision of the IAJ. The Board provided Mr. Ash a standardized form concerning further appeals; the form did not advise Mr. Ash that he needed to prepay the assessment or obtain a hardship waiver prior to filing his next appeal.

¶5 Following the form, Mr. Ash pro se then commenced an appeal in the Walla Walla County Superior Court on April 14, 2011. He subsequently retained counsel, Ms. Janelle Carman, to represent him. She filed her notice of appearance on September 6, 2011. Counsel on October 13, 2011, filed a motion for waiver of RCW 51.52.112's prepayment requirements due to hardship. The parties submitted evidence and briefing on the issue. Although not argued by DLI, the trial court dismissed the case after it decided that it lacked jurisdiction under RCW 51.52.112 due to the failure to prepay the penalty.

¶6 Mr. Ash then timely appealed to this court.

## ANALYSIS

¶7 The sole issue presented by this case is whether RCW 51.52.112 requires a determination on the hardship waiver before an appeal to superior court is filed.[1] We agree with Mr. Ash that it does not.

---

[1] Mr. Ash, invoking CR 11, also asks for his attorney fees on this appeal, essentially arguing that DLI is putting him to expense by defending the trial court's ruling. While the logic of his argument fails (even if the department did not

¶8 "Statutory interpretation is a question of law, subject to de novo review." *Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 298, 149 P.3d 666 (2006). The purpose of statutory construction is to give effect to the meaning of legislation. *Roberts v. Johnson*, 137 Wn.2d 84, 91, 969 P.2d 446 (1999). Statutes that are clear and unambiguous do not need interpretation. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). However, when interpretation is necessary, the legislation "must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

¶9 As it has since its enactment in 1986, the first sentence of RCW 51.52.112 states:

> All taxes, penalties, and interest shall be paid in full before any action may be instituted in any court to contest all or any part of such taxes, penalties, or interest *unless the court determines that there would be an undue hardship to the employer*.

(Emphasis added.)

¶10 Initially, we agree with the trial court's determination that this statute is jurisdictional. A party can seek judicial review of a DLI penalty assessment only by bringing an appeal under this statute. RCW 51.52.110, governing appeals involving injured workers, similarly is considered jurisdictional. *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990). However, declaring the statute to be jurisdictional does not resolve this matter. Courts always have jurisdiction for the limited purpose of determining

defend the trial court's ruling, Mr. Ash would still have to go through the appeal to this court to overturn the trial court's ruling), his motion also fails under the Rules of Appellate Procedure. Even assuming that CR 11 applies to actions in the appellate court, an issue we do not decide, a party cannot file a nondispositive motion in a brief. RAP 10.4(d). Attorney fees are available when they are granted by "applicable law" and must be requested in a brief. RAP 18.1(a), (b). Attorney fees as a potential CR 11 sanction against the opposing party must be established by motion since they are not granted by law, but are discretionary with the trial judge. A sanction motion is not dispositive of the appeal and cannot be brought in the brief. RAP 10.4(d).

whether they have jurisdiction. *Griffith v. City of Bellevue*, 130 Wn.2d 189, 196, 922 P.2d 83 (1996). And not every aspect of a statute is itself a jurisdictional requirement. *E.g., Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 76 P.3d 1183 (2003) (holding that venue components of RCW 51.52.110 were procedural rather than jurisdictional). The issue to be resolved is whether Mr. Ash complied with the statute.

¶11 Mr. Ash argues that under RCW 51.52.112 an employer need only seek the waiver before the appeal is heard and that it would be impossible to obtain a waiver before filing an action. Respondent contends that the statute unambiguously requires the waiver be obtained before filing, contending that the word "before" modifies both the institution of a court action and the determination of an undue hardship. It analogizes to the ex parte process governing the waiver of filing fees due to indigency found in GR 34.

¶12 Both parties place emphasis on the verb "institute." Noting the definition used in our Administrative Procedure Act (APA), chapter 34.05 RCW, DLI argues that "institute" means to file an action and pay the appropriate filing fee, which it apparently believes includes the penalty assessment at issue. *See* RCW 34.05.514(1).[2] Mr. Ash, in turn, believes that "institute" has the meaning given in the APA but without inclusion of the penalty assessment. We, however, believe this case actually turns on the meaning of the relationship of the two subordinate clauses in the first sentence of RCW 51.52.112.

---

[2] "Except as provided in subsections (2) through (4) of this section, proceedings for review under this chapter shall be instituted by paying the fee required under RCW 36.18.020 and filing a petition in the superior court, at the petitioner's option." Subsections (2) through (4) address venue for specific actions. In turn, RCW 36.18.020(2)(a) directs, "[i]n addition to any other fee required by law, the party filing the first or initial document in any civil action . . . shall pay . . . a fee of two hundred dollars."

¶13 Grammatically, the sentence is classified as complex.[3] It breaks down into three major components: one independent clause and two dependent clauses. It can be reconstructed as follows: (1) All penalties shall be paid in full (2) before any (court) action may be instituted (3) unless the court determines that there would be an undue hardship. The first clause is independent; it expresses a complete thought.[4] The second and third clauses are known as subordinate, or dependent, clauses; neither expresses a complete or independent thought.[5] Both clause (2) and clause (3) are adverbial clauses that modify the verb phrase "shall be paid."[6] "Before" and "unless" are both subordinate conjunctions—words that signal subordinate clauses.[7] "Before" could not introduce both clauses without rendering "unless" meaningless. Thus, we reject DLI's argument that "before" modifies both dependent clauses.

¶14 Reduced to their grammatical essences, the meaning of this contested sentence turns upon whether clause (3) modifies clause (2) or independent clause (1). Here, clause (3) would be rendered largely useless if it were construed to modify the second clause.

¶15 Clause (2) clearly modifies the independent clause (1). It informs us when the penalty payment must be made—before court action is instituted. Clause (2) does not modify clause (3); "before any action may be instituted" tells us nothing about "unless the court determines." The question remaining then is whether clause (3) modifies clause (1) or clause (2).

---

[3] A complex sentence consists of an independent clause and one or more dependent clauses. MADELINE SEMMELMEYER & DONALD O. BOLANDER, THE NEW WEBSTER'S GRAMMAR GUIDE 171 (Berkley ed. 1991).

[4] Id. at 162.

[5] Id. at 162-63.

[6] Id. at 179.

[7] Id. at 179-80.

¶16 Clause (3), like clause (2), modifies the independent clause (1). Together, clauses (1) and (3) read: All penalties shall be paid in full unless the court determines that there would be an undue hardship. Reading clause (3) to modify clause (1) is rational and grammatical. However, clause (3) cannot be read to also modify clause (2). As discussed in the preceding paragraph, clause (2) and clause (3) do not act upon each other. "Unless the court determines that there would be an undue hardship to the employer" does not explain or work upon "before any action may be instituted" and is no more informative than the converse formulation discussed previously.

¶17 Thus, the only way to read this sentence is that both dependent clauses modify only the independent clause requiring full payment of penalty assessments. The sentence consists of two thoughts: (1) full payment shall be made before court action is instituted and (2) full payment is not required if it would create a hardship. While both thoughts explain payment of the penalty assessment, neither explains when the hardship exception must be requested. The timing of the penalty assessment payment does not relate to the timing of the hardship waiver.

¶18 DLI raises several additional arguments in favor of its view of the statute. It argues that waiver of the payment before filing is consistent with the approach adopted in the state excise tax appeals statute, RCW 82.03.180. There the legislature expressly stated that "no review from a decision . . . may be obtained by a taxpayer unless . . . the taxpayer shall have first paid in full the contested tax, together with all penalties and interest thereon, if any." *Id.* The problem with this argument is that the language of the excise tax statute is entirely different and does not contain the hardship exception found in RCW 51.52.112. If anything, the analogy to the excise tax statute undercuts DLI's position since that statute, unlike the DLI assessment appeal statute, shows that the legislature knew how to condition tax appeals to superior court on prepayment of an

assessment if it wanted to do so. The different language suggests that the legislature had a different approach in mind with DLI.

¶19 DLI also contends that the issue involved here was previously resolved in *Probst v. Department of Labor & Industries*, 155 Wn. App. 908, 230 P.3d 271 (2010). It was not. At issue in *Probst* was whether RCW 51.52.110 (prohibiting bonds in industrial insurance appeals) governed the appeal because it implicitly overruled RCW 51.52.112. *Id.* at 918-19. The court concluded that section .112 governed. *Id.* There the taxpayer, as here, was involved in a long-running dispute with DLI and had not paid the assessment when he appealed to the superior court. *Id.* at 911-14. As here, the superior court dismissed the action and the taxpayer appealed to this court. *Id.* at 910. In affirming the trial court, the court's opinion noted that the taxpayer had neither paid the assessment nor sought the "preappeal undue hardship order." *Id.* The *Probst* court was not presented with the situation where a taxpayer had attempted to obtain a hardship waiver, and the issue of the timeliness of the waiver request simply was not at issue in that case. The hardship waiver aspect of RCW 51.52.112 was not construed in *Probst*, and we do not believe that case governs this situation.

¶20 RCW 51.52.112 is silent on when the hardship waiver must be sought. The trial court thus erred in concluding that it lacked jurisdiction to consider the hardship waiver request. The legislature may have intended to require application for a hardship waiver before an appeal was filed, although it failed to use the clear language it used in the excise tax appeals statute. The legislature also may have intended to permit an appeal to be filed with a hardship waiver then to be sought before the appeal proceeded. That is the course Mr. Ash attempted to follow here. Given the language of the statute, we cannot say that approach was wrong.

¶21  The trial court is reversed, and the case is remanded for consideration of Mr. Ash's request for a hardship waiver.

SWEENEY and KULIK, JJ., concur.