IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FIRE CONTROL RESOURCES, LLC, dba FIRE CONTROL RESOURCES, | ) ) ) | No. 32440-1-III |
| Appellant, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF LABOR & INDUSTRIES, | ) ) ) ) | |
| Respondent. | ) ) | |

SIDDOWAY, C.J. — Fire Control Resources, LLC sought judicial review of a

decision of the Board of Industrial Insurance Appeals affirming an assessment of unpaid

industrial insurance taxes, but without prepaying the taxes or obtaining a judicial finding

of undue hardship as required by RCW 51.52.112. Following dismissal of its action for

noncompliance it appeals, contending that (1) the superior court's refusal to find undue

hardship was based on the court's misunderstanding of a surety bond alternative and

(2) the superior court should have exercised its inherent authority to find arbitrary,

capricious or unlawful action by the Department of Labor and Industries.

By no reasonable reading did Fire Control's pleadings identify or imply that it was asking the superior court to exercise its inherent power of review. And had such a request been made it would have failed, since Fire Control had an adequate remedy of appeal. For those reasons and because there is no showing that the superior court's undue hardship ruling was based on confusion about the law or the material facts, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Paul Fuchs was the sole officer and shareholder of FCR Enterprises, Inc. (FCR), a corporation he contends was a general building contractor that sometimes contracted with state and federal agencies to provide fire control services. FCR was dissolved in 2005 after it failed to pay industrial insurance taxes and the Department of Labor and Industries took legal action to enforce liens against FCR for the unpaid taxes.

Mr. Fuchs is also the managing member of the appellant, Fire Control Resources, LLC (Fire Control), which he formed in 2006 after FCR went out of business. Mr. Fuchs testified that the two entities are separate but the department contends that Fire Control is a successor to FCR. Under the Industrial Insurance Act, Title 51 RCW, successors are liable for the unpaid taxes of the business they succeed. RCW 51.16.200.[1] The department's principal basis for contending that Fire Control is a successor to FCR is that

---

[1] RCW 51.08.177 defines "successor" as "any person to whom a taxpayer quitting, selling out, exchanging, or disposing of a business sells or otherwise conveys, directly or indirectly, in bulk and not in the ordinary course of the taxpayer's business, a major part of the property, whether real or personal, tangible or intangible, of the taxpayer."

2

both companies primarily engage or did engage in the business of providing fire control services to governmental agencies, both use or used the business name "Fire Control," both are or were managed by Mr. Fuchs, and Fire Control—as the asserted successor—never paid FCR to acquire the business name or the skill and expertise of Mr. Fuchs.

Having concluded that Fire Control was a successor, the department in February 2009 issued a notice and order assessing $19,364.19 against it for FCR's unpaid workers' compensation premiums for quarters between 2002 and 2004. A return of service indicated that Mr. Fuchs was personally served with the February 2009 assessment order.

Mr. Fuchs responded with a letter to the department requesting that it reconsider the February 2009 assessment. The department promptly acknowledged its receipt of the request for reconsideration. It ultimately denied it in October 2011 by an order and notice affirming the February 2009 assessment. According to a return of service, the order was served on Mr. Fuchs's father on October 26, 2011 at Fire Control's business address.

Fire Control appealed the October 2011 decision to the Board of Industrial Insurance Appeals. Among its contentions on appeal was that Mr. Fuchs was not served with the October 2011 order affirming the assessment.

Following a hearing of the appeal, the industrial appeals judge (IAJ) issued a proposed decision concluding that the board had jurisdiction and affirming the department's 2009 assessment.

Fire Control appealed the IAJ's proposed decision to the board. The board denied the petition for review, thereby adopting the proposed decision as its own. Fire Control then appealed the board's decision to the Spokane County Superior Court.

Fire Control raised several arguments in its notice of appeal filed with the superior court, including (1) lack of jurisdiction resulting from the department's failure to effect proper service of process, (2) that the assessment was untimely under the statute of limitations and the doctrine of laches, and (3) the lack of a factual basis supporting the department's determination that it was the successor to FCR.

RCW 51.52.112 provides that before pursuing an appeal of a board decision in superior court, "[a]ll taxes, penalties, and interest shall be paid in full . . . unless the court determines that there would be an undue hardship to the employer." It is undisputed that Fire Control did not pay the assessed taxes before filing its appeal with the superior court. The department responded to Fire Control's notice of appeal with a motion to dismiss it in light of Fire Control's failure to comply with RCW 51.52.112.

Fire Control responded by moving the superior court to waive RCW 51.52.112's prepayment requirement on the basis of undue hardship. In a supporting declaration, Mr. Fuchs asserted that Fire Control had no assets and was "heavily encumbered" with debt. Clerk's Papers (CP) at 89. The department opposed Fire Control's motion on the grounds that Mr. Fuchs's declarations were inadequate and he provided no recent financial records or other documentation. While the department agreed to strike its

4

motion to dismiss,[2] it "specifically reserve[d] the right to renew the motion if, after a hearing on the issue, [Fire Control] does not obtain an order of undue hardship or pay the taxes due and owing herein." CP at 61.

After allowing Fire Control time to produce evidence demonstrating undue hardship, the court conducted a hearing on December 6, 2013, at the conclusion of which it denied Fire Control's motion for waiver of the prepayment requirement. While acknowledging that Fire Control had "repeatedly advised the court it has no assets," the court found that the limited liability company failed to support its arguments with any recent documentary evidence. CP at 121. The court further found that "there has been a lack of candor by Mr. Fuchs with the court," noting that Mr. Fuchs "received income during the continuance of this motion of which he did not advise his counsel or the court." *Id.* The court's order gave Fire Control one more opportunity to provide a surety bond in the amount of $20,000 by January 31, 2014, warning that "[f]ailure to do so may result in dismissal of this appeal." *Id.*[3]

---

[2] In *Ash v. Department of Labor & Industries*, 173 Wn. App. 559, 561, 294 P.3d 834 (2013), this court held that RCW 51.52.112 does not require a determination on the hardship waiver *before* an appeal to superior court is filed.

[3] The department points out that it is debatable whether the court had authority to allow Fire Control to post a $20,000 bond in lieu of paying the full amount of the assessed taxes and interest, given that nothing in RCW 51.52.112 contemplates such an alternative. Br. of Resp't at 16 n.2. But as the department further notes, we need not resolve the issue because neither party has ever challenged the court's decision to authorize this alternative to payment.

On January 31, 2014, rather than post the bond, Fire Control filed its own motion to dismiss, based largely on the theories it had raised in its appeal. The department renewed its motion to dismiss, arguing that the court lacked jurisdiction to proceed in light of Fire Control's failure to pay the taxes or post a bond.

The superior court conducted a hearing on the parties' motions to dismiss on March 21, 2014, at the conclusion of which it ruled that because it had denied Fire Control's request for a finding of undue hardship, "[t]he only alternative to enable an action to be instituted by any Court is payment of all taxes, penalties and interest." Report of Proceedings (RP) at 8. Concluding that it lacked jurisdiction to hear the arguments raised in Fire Control's motion, it dismissed the appeal. Fire Control appeals.

## ANALYSIS

Fire Control assigns error to all of the findings of fact and all but one of the conclusions of law adopted by the Board of Industrial Insurance Appeals. But error by the board (if any) is not before us if the superior court properly dismissed the appeal on account of Fire Control's failure to establish undue hardship or prepay the taxes, penalties and interest assessed.

Fire Control contends that the superior court improperly dismissed the action because the court had, but failed to exercise, inherent authority to review department actions that were arbitrary or capricious. It also contends that the superior court committed error in denying its request for waiver of the prepayment requirement based

6

on the court's misunderstanding about the availability of a bond. We address the issues in turn.

*Failure to exercise inherent authority*

Article IV, section 6 of the Washington Constitution addresses the jurisdiction of superior courts and provides (among other matters) that superior courts and their judges "shall have power to issue writs of mandamus, quo warranto, review [and] certiorari." Fire Control contends that the superior court erred in failing to exercise its "inherent authority" to issue writs of certiorari to address "administrative action which is contrary to law as well as that which is arbitrary and capricious," citing *Pierce County Sheriff v. Civil Service Commission for Sheriff's Employees of Pierce County*, 98 Wn.2d 690, 694, 658 P.2d 648 (1983), *Saldin Securities, Inc. v. Snohomish County*, 134 Wn.2d 288, 292, 949 P.2d 370 (1998), *Devine v. Department of Licensing*, 126 Wn. App. 941, 955, 110 P.3d 237 (2005) and other cases.

"The scope of judicial review of administrative decisions in [the court's] inherent supervisory capacity is quite narrow," and is limited to "'determin[ing] if [the agency's] conclusions may be said to be, as a matter of law, arbitrary, capricious, or contrary to law.'" *Williams v. Seattle Sch. Dist. No. 1*, 97 Wn.2d 215, 221, 643 P.2d 426 (1982) (emphasis omitted) (quoting *Helland v. King County Civil Serv. Comm'n*, 84 Wn.2d 858, 862, 529 P.2d 1058 (1975)). "Arbitrary and capricious action has been defined as willful and unreasoning action, without consideration and in disregard of facts and

7

circumstances." *State v. Rowe*, 93 Wn.2d 277, 284, 609 P.2d 1348 (1980). "Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached." *Id.*

The first problem with Fire Control's argument is that it is premised on claims that it never asserted in the superior court. In the superior court, Fire Control framed its action as an administrative appeal. It initiated action in the superior court with a notice of appeal and petition for judicial review, not a summons and complaint. Its notice of appeal did not request a writ of certiorari or writ of review. It did not identify the department's action as arbitrary or capricious. A word search of the entire record on appeal—both the report of proceedings and clerk's papers—reveals that the words "writ" and "certiorari" were never used anywhere, at any time. It reveals that the words "arbitrary" and "capricious" were used only once, in Fire Control's combined reply/response brief—but not in its argument; instead in a long block quote from a decision that Fire Control cited for the proposition that flawed service of process violates due process.

By no reasonable reading of the record did Fire Control invoke the inherent authority of the superior court to issue a writ of certiorari or imply that it was requesting such relief. The superior court could not be expected to infer such a claim. "Although inexpert pleading is permitted, insufficient pleading is not." *Kirby v. City of Tacoma*, 124 Wn. App. 454, 470, 98 P.3d 827 (2004) (internal quotation marks omitted) (complaint did

8

not sufficiently assert a claim for deprivation of First Amendment rights where it failed to use the words "First Amendment" or "free speech").

A second problem for Fire Control is that "although exercise of this inherent power [of superior courts] is discretionary, it will not ordinarily occur if either a statutory writ or a direct appeal is available, unless the appellant can show good cause for not using those methods." *Saldin*, 134 Wn.2d at 292-93; *see Bridle Trails Comm'ty Club v. City of Bellevue*, 45 Wn. App. 248, 254, 724 P.2d 1110 (1986) (noting that review by constitutional writ of certiorari "is rarely granted where a petitioner has failed to take advantage of another avenue of review without an adequate excuse").

Here, Fire Control had the right to appeal the board's decision to the superior court and it initially undertook to exercise that right. To perfect its appeal, however, it was required to either pay the assessed taxes or obtain a finding of undue hardship. "An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior court." *Skagit Surveyors and Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998) (citing *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995)). "Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory procedural requirements must be met before jurisdiction is properly invoked." *Id.* Where an employer fails to comply with RCW 51.52.112 by either "tendering payment of the assessment or requesting an order of undue hardship," a

superior court properly declines to exercise jurisdiction and dismisses the employer's appeal. *Probst v. Dep't of Labor & Indus.*, 155 Wn. App. 908, 916, 919, 230 P.3d 271 (2010).

For two reasons, then, Fire Control fails to demonstrate that the superior court erred by failing to exercise its inherent authority to review arbitrary, capricious or unlawful action.[4]

*Erroneous construction of bond requirement*

Fire Control's remaining argument is that the superior court misunderstood the nature of the surety bond market in deciding whether to grant a hardship waiver. It relies on the following exchange taking place at the hearing on March 21:

> [FIRE CONTROL'S LAWYER]: . . . [I]f I understood it correctly, [the department is] saying you can't even hear [Fire Control's motion to dismiss] because the bond wasn't posted. And that's correct; the bond wasn't posted.
> And for the Court's edification, I can simply tell you the situation is this, interestingly so: You set the bond at, well, whatever it was, $20,000 or something like that, and the bonding companies insist that the entire bond plus $400 gets paid. So, you know, if you don't have the full amount,

---

[4] Fire Control asserts a seemingly related contention that it was denied constitutional access to the courts. But it fails to demonstrate any denial of access. "'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986) (quoting *United States v. Phillips*, 433 F.2d 1364, 1366 (8th Cir. 1970)). Due process requires only that an individual be afforded a reasonable right of access, or a meaningful opportunity to be heard, absent an overriding state interest. *Yurtis v. Phipps*, 143 Wn. App. 680, 694, 181 P.3d 849 (2008).

which you would have tendered to the Clerk of the Court in the first place, you wouldn't need the bond and save yourself 400 bucks.
THE COURT: They didn't just require ten percent?
[FIRE CONTROL'S LAWYER]: Ten percent? No.
THE COURT: Or 25 percent?
[FIRE CONTROL'S LAWYER]: In appeal situations, apparently they require the full amount up front. Why, I don't know, but that's life.

RP at 2-3. Fire Control's argument appears to be that the superior court's decision not to waive the prepayment requirement was based on its mistaken belief that it was possible to obtain a bond in a tax appeal action at a cost that was a fraction of the penal sum.

We could remand for a further hearing on undue hardship if the record suggested that the superior court abused its discretion in denying a waiver based on a misunderstanding of law or of the material facts. Among other things, discretion is abused when it is based on untenable grounds. *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). For three reasons no remand is needed here, however.

First, Fire Control has not demonstrated that the superior court had a misunderstanding of the insurance market. A surety bond is a matter of contract. The terms available to a party will turn on the principal's creditworthiness. Fire Control does not demonstrate that no one can obtain a bond in a case such as this one without paying 100 percent of the penal sum plus a premium. The fact that insurers approached by Fire Control required full collateralization might have turned on its creditworthiness or the same inadequate financial information that concerned the superior court.

11

Second, Fire Control's lawyer explained his client's situation to the superior court. His explanation demonstrably did not change the court's mind.

Third, the reason the court rejected Fire Control's request for a finding of undue hardship was its failure to present reliable evidence of its current financial condition. The lawyer's representation about the surety market did not cure Fire Control's failure of proof.

Fire Control fails to demonstrate that confusion on the part of the superior court requires that we remand for a new hearing on whether the prepayment requirement should have been waived.

*Attorney fees*

Fire Control requests attorney fees and costs under RAP 18.1, relying on RCW 51.52.130 and RCW 4.84.350. RCW 51.52.130 provides for an award of attorney fees to workers or beneficiaries, and only where they successfully defend or improve their position on appeal. It has no application here. And because Fire Control does not prevail on appeal, it is not entitled to attorney fees under RCW 4.84.350(1).

No. 32440-1-III
*Fire Control Resources v. Dep't of Labor & Indus.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

13